GUNN ET AL *v.* BOARD OF SUP'RS OF LAUDERDALE COUNTY.

[86 South. 853, No. 21631.]

HIGHWAYS. *Statute exempting separate road districts from taxation to pay county-wide road bonds repealed.*

The provision of section 11, chapter 277, Laws 1920, exempting the land in a separate road district, which is being taxed for the payment of bonds issued for building roads therein, from taxation for the payment of principal and interest on bonds issued by the county for the building of roads in other portions thereof, has been repealed by chapter 207, Laws of 1920.

APPEAL from chancery court, Lauderdale county.
HON. G. C. TANN, Chancellor.

Suit by J. B. Gunn and others against the board of supervisors of Lauderdale county for an injunction. From a decree dissolving a temporary injunction, and dismissing the bill, complainants appeal. Affirmed.

*A. S. Bozeman,* for appellant.

Since the chancellor's finding of fact cannot be said to be manifestly wrong, we assume that the court will affirm the decree in so far as it may be sustained by that finding of fact.

The question presented here is whether or not it is essential to the validity of the bonds, in view of the provision of section 11 of chapter 277 of the Laws of 1920, above quoted, that the records of the board of supervisors, should affirmatively show that a majority of the qualified electors in each separate road district voting in the election, voted in favor of the issuance of the bonds.

Our contention is that this is a fact so essential to the validity of the bonds that the record should affirmatively show this fact, and that it cannot rest in parol. We do not know of any legal means of making a permanent record of the result of such an election, except by the report

and certificate of the election commissioners, or by a finding of the board of supervisors entered upon its minutes.

And since no such record was made in this case, we submit that the decree of the chancellor is erroneous and should be reversed, and the issuance of the bonds should have been perpetually enjoined.

No Mississippi case involving this particular point has been called to our attention, and we respectfully submit the construction of this statute to this court.

*Amis & Dunn,* for appellee.

In his brief the counsel for the appellant says that the sole question presented, is whether or not under the provisions of section 11 of chapter 277 of the Laws of 1920, in a county where there are separate road districts which are being taxed to pay principal and interest on bonds for building roads made of stone, gravel, chert, slag, or sand clay, etc., it is essential to the validity of the general county bonds of such county issued for the purpose of building bridges and culverts, that it shall affirmatively appear of record that a majority of the qualified electors in the separate road districts voting in the election on the bond issue voted in favor of the issuance of the bonds. We think counsel is correct in his statement of the question presented by his appeal for decision by the court.

But we submit that counsel is wrong in his insistance that the report and certificate of the county election commissioners must be looked to exclusively for the purpose of determining whether a majority of the electors voting in such election gave their consent to the taxing of their property for such purposes where there are separate road districts existing within the county of the class mentioned in section 11 of chapter 277 of the Laws of 1920. Counsel has not cited any decision by this court, or any other court, to sustain his position, and as we understand him, he frankly admits that there are none so far as his research has gone, and we have not been able to find any. The statute in question does not require any particular mode by which the fact that such election resulted in favor of the consent, vote of a majority of the electors

voting in such election is to be made manifest. The essential thing is the fact of such consent and not the means of preserving the evidence of such fact. Certainly there can be no good reason for holding that the bonds of the county are not valid simply because some officer has failed to perform some clerical duty when it is made to appear that the thing that the law requires to be done in order that the bonds shall be the valid obligation of the county did in truth and in fact happen and was performed. It appears from testimony that as a matter of fact, a majority of the qualified electors of each of the separate road districts in Lauderdale county voting in the election voted in favor of the issuance of the bonds, and the court below so found by its decree and dismissed the bill. For the court to hold that the election commissioner's report and certificate of election should be exclusive evidence of what the result of such election was in respect to each of the separate road districts, or of the county as a whole, would open the way to frauds upon the rights of taxpayers and subject them to oppressive taxation without any remedy or redress. Suppose that the election commissioners should report to the board of supervisors that a majority of the electors of a given road district had voted in an election in favor of the issuance of the bonds of the county for road and bridge purposes, and the board of supervisors should declare that the election had resulted in favor of the issuance of the bonds as shown by said election commissioner's report, whereas as a matter of fact, a majority of the electors had voted against the proposition instead of in favor thereof, could it be seriously contended that the taxpayer would be precluded by such report, and would not be permitted to show the real truth by parol evidence? Manifestly not, if the taxpayer is not to be precluded by the report, then certainly no other interested party would be. It is granted that as a matter of convenience and perhaps of strict regularity, it would be better for the election commissioner report to show the result of the election by district, but we submit that such report would only be *prima facie* evidence of the existence of a fact, to-

wit, the result of the election, and that the result of such election is and ought to be susceptible of proof by evidence *aliunde*. Again it is quite easy to suppose a case where the election commissioners would have no means of determining whether a majority of the qualified electors residing within a separate road district had voted affirmatively or negatively on a proposition to issue general county bonds. It frequently happens to be that qualified electors residing in a separate road district voted at the same election precinct with electors who do not reside within the same district. The law does not make any provisions whereby the election commissioners may determine in such case whether a vote for, or a vote against, the proposition was cast by the electors residing within the district or an elector residing without the district. This illustration which is neither impossible nor exaggerated can be multiplied many times over in almost any county in the state. It therefore seems clear to us that in the absence of a statute providing the machinery by which the truth may be determined and the facts as to the result of the election established, that the courts constitute the proper forum, wherein the question is to be finally determined from evidence in the same manner as other issues are determined by the courts.

SMITH, C. J., delivered the opinion of the court.

The appellee was proceeding under the provisions of chapter 277, Laws of 1920, to sell certain bonds of Lauderdale county, with the intention of applying the proceeds to the building and maintenance of roads according to the provisions of that statute, when it was enjoined from so doing on an original bill exhibited against it by the appellants, whose right to maintain the suit is not challenged, alleging, among other things, that there are several separate road districts in Lauderdale county that are taxed to pay the principal and interest on bonds issued for building roads in the districts, and that it not only does not appear from the minutes of the appellee's proceedings that a majority of the qualified electors of these separate road districts have consented to the issuance by the appellee of

the bonds here in question in an election held for that purpose, but that a majority of the qualified electors thereof have not, in fact, so consented thereto. The cause was submitted to the court below on bill, answer, and proof, the allegations of the answer and the nature of the proof being immaterial, as will hereinafter appear, and a decree was rendered, dissolving the temporary injunction and dismissing the bill of complaint.

The appellant's claim to an exemption in favor of a separate road district from taxation for the payment of county-wide road bonds, unless a majority of the qualified electors of the district consent thereto in an election held for that purpose, is based upon the provision to that effect in section 11, chapter 277, Laws of 1920, under which statute the bonds here in question are to be issued. This provision of the statute was repealed by chapter 207, Laws of 1920, as was recently held by this court in *Bacot* v. *Board of Supervisors*, 86 So. 765, decided after the rendition of the decree herein in the court below. The appellants' claim to an exemption in favor of separate road districts from taxation for the payment of county-wide road bonds is therefore without foundation, and no error was committed by the court below in dissolving the injunction and dismissing the bill of complaint.

*Affirmed.*